## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UTILITY WORKERS UNION OF AMERICA, LOCAL 369, AFL-CIO,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No.  09-01022  (JDB) |
| **FEDERAL ELECTION COMMISSION,** | |
| **Defendant.** | |

### MEMORANDUM OPINION

Plaintiff ("Local 369"), a labor organization representing employees of Covanta Energy

Corporation, seeks judicial review of a Federal Election Commission ("FEC") order that

dismissed its administrative complaint alleging that Covanta unlawfully solicits contributions to

its federal political action committee in its employee handbook.  The FEC has moved to dismiss

the complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that it reasonably determined

that the handbook language at issue is not a "solicitation" under its interpretation of that term.  A

hearing was held on the motion on February 3, 2010.  At that time, plaintiff made an oral motion

for summary judgment based on the existing record or, in the alternative, for remand to the FEC

for further explanation.  For the reasons explained below, the Court will deny the FEC's motion

and grant plaintiff's request to remand this action to the FEC for further explanation.[1]

---

[1] The parties submitted supplemental memoranda on January 26, 2010, in response to an Order of the Court.  For ease of reference, the memorandum in support of defendant's motion to dismiss and supplemental memorandum will be cited as "Def.'s Mem.," and "Def.'s Supp'l Mem.," respectively.  Plaintiff's opposition brief and supplemental memorandum will be cited as "Pl.'s Mem." and "Pl.'s Supp'l Mem."  The employee handbook provision at issue is attached to the complaint as Attachment A, Exhibit 11, and will be cited as the "Handbook."  The FEC Order under review is Attachment B to the complaint.

## BACKGROUND

Local 369 filed an administrative complaint with the FEC on October 20, 2008, alleging that Covanta violated the Federal Election Campaign Act ("FECA"), 2 U.S.C. § 431 et seq., by including language in its employee handbook that solicited contributions from employees to Covanta's federal political action committee ("PAC") -- a "separate segregated fund" set up pursuant to 2 U.S.C. § 431(4)(b).[2]  Compl. ¶¶ 1, 5-6.  Under § 441b(b) of FECA, companies and their federal PACs may only solicit contributions from the corporation's "restricted class," which consists of stockholders, executive and administrative personnel, and their families. Additionally, if a company makes such a "solicitation" without following the FEC's regulations, § 441b(b) requires it to afford a labor union representing its employees a similar opportunity to make a solicitation.  See 11 C.F.R. § 114.5(k).  Local 369 alleges that the Handbook section entitled "Political Contributions/Lobbying" violated FECA by impermissibly soliciting all Covanta employees and by not following other requirements.  Compl. ¶ 6.  The contested language in the Covanta Handbook states:

> Federal, state, and local laws impose various restrictions on political campaign contributions.  Under federal law a corporation may not make political contributions to federal political candidates or campaign committees.  The extent to which corporations are permitted to contribute to state political candidates or campaign committees varies from state to state.
>
> We will only make political contributions and expenditures if it is in our best interest and we determine that the proposed contribution or expenditure is legal.  . . .
>
> In general, employees are free to make a personal contribution to any political candidates or committees as an individual and not as a

---

[2] The term "political action committee" or "PAC" is commonly used to refer to "separate segregated funds" set up under FECA, § 431(4)(b).  See Citizens United v. FEC, ___ U.S. ___, 130 S. Ct. 876, 887 (2010).

representative of Covanta, subject to the individual limitations under state or federal law.  . . .

The regulations relating to political contributions are complex and changing.  Prior to making or authorizing a corporate contribution or authorizing the use of a Covanta facility or resources for political purposes, please consult our Director of Governmental Affairs and our General Counsel.  If you have any questions concerning a personal contribution, please contact our General Counsel.

<u>Primarily in order to make contributions to federal political candidates or committees, we have established a federal political action committee (or "PAC").  Contributions to the PAC by eligible employees are voluntary.</u>  Whether an employee contributes or not results in no favor, disfavor or reprisal from Covanta.  The PAC will comply with all related federal and state laws.

Handbook at 11 (emphasis added).  Local 369 believes several clauses in the Handbook evidence a "solicitation," but focuses primarily on the underscored language.  Local 369's administrative complaint was filed under 2 U.S.C. § 437g(a)(1), which states: "Any person who believes a violation of this Act . . . has occurred, may file a complaint with the Commission."

The FEC dismissed Local 369's complaint, stating that the Handbook language was not a solicitation because it "does not <u>encourage</u> support for the PAC or <u>facilitate</u> the making of contributions to the PAC," as past FEC advisory opinions require, but rather "merely convey[s] information that might engender inquiry."  <u>See</u> FEC Order at 4.  The FEC reviewed its advisory opinions and noted that it found the "encourage" or "facilitate" standard triggered where, for example, a labor organization's magazine article described the process for establishing an automatic monthly deduction to its PAC, or where a corporate newsletter described the PAC's fundraising activities and commended the enthusiasm of employees who had participated; in contrast, it did not find the standard met where companies provided "informational statements without additional encouragement" on internal intranet sites or in newsletters.  <u>Id.</u> at 4 (citing

Advisory Opinion 1999-06 (Apr. 30, 1999), Advisory Opinion 1979-13 (May 25, 1979), Advisory Opinion 2000-7 (May 31, 2000), and Advisory Opinion 1983-38 (Dec. 16, 1983)).[3] The FEC then concluded that, in light of those opinions, the Handbook did not "encourage support for the PAC" or "facilitate contributions," but instead was "merely a statement that the PAC exists, not a solicitation."  FEC Order at 4-5.

Local 369 brings the instant suit challenging the FEC's dismissal of its administrative complaint under 2 U.S.C. § 437g(a)(8)(A), which states: "Any party aggrieved by an order of the Commission dismissing a complaint . . . may file a petition with the United States District Court for the District of Columbia."  FECA requires Local 369 to establish that the FEC's dismissal of its complaint was "contrary to law."  2 U.S.C. § 437g(a)(8)(C).  For purposes of § 437g(a)(8)(C), "contrary to law" means "arbitrary or capricious, or an abuse of discretion."  Hagelin v. FEC, 411 F.3d 237, 242 (D.C. Cir. 2005) (internal quotation marks and citation omitted).

Although Local 369 contends that the FEC Order is flawed in several respects, supplemental briefing and the motions hearing have focused on an FEC interpretative guidance concerning the meaning of "solicitation" that, on its face, throws the reasonableness of the FEC resolution into question.[4]  The interpretive guidance, known as an "Explanation and Justification" -- or "E&J" -- is an explanatory document that is submitted to Congress when the FEC proposes a new regulation or an amendment to an existing regulation.  See Def.'s Supp'l Mem. at 1-2.  This particular E&J accompanies the regulation captioned "Separate Segregated Funds," 11 C.F.R. § 114.5, and addresses the subsection allowing a separate segregated fund -- a PAC -- to "accept

---

[3] FEC advisory opinions can be accessed at http://saos.nictusa.com/saos/searchao.

[4] The Court had directed the parties' attention to that interpretive guidance and requested additional briefing.

contributions from persons otherwise permitted by law to make contributions," id. § 114.5(j), notwithstanding the prohibition on soliciting contributions from persons outside the "restricted class" (e.g., shareholders and executive employees).

The E&J explains that:  "A separate segregated fund may accept unsolicited contributions from persons otherwise permitted by the Act to make contributions. Informing persons of the right to accept such contributions is, however, a solicitation."  H.R. Doc. No. 95-44, 109 (Jan. 12, 1977) (emphases added), available at http://www.fec.gov/law/cfr/ej_compilation/1977/95-44.pdf. This interpretive guidance reflects the advisory opinions issued contemporaneously with the E&J.  See Advisory Opinion 1976-27 at 2 (Sept. 2, 1976) ("It is clear . . . that informing persons of a fundraising activity is considered a solicitation."); Advisory Opinion 1976-96 at 3 (Nov. 11, 1976) ("[I]f an announcement of PAC activities is made . . . [it] would be a solicitation."); Advisory Opinion 1978-97 at 2 n.2 (Jan. 16, 1978) ("Past advisory opinions of the Commission have concluded that a contribution solicitation may occur in many types of communications which do not explicitly request the making of a contribution but nevertheless give notice . . . that a specific PAC exists to accept and make contributions.").  Having concluded that the E&J is dispositive of plaintiff's challenge, the Court turns to the parties' arguments as to the E&J's application here.

## ANALYSIS

### I.     The Explanation and Justification Accompanying 11 C.F.R. § 114.5(j)

In Local 369's view, the FEC decision is contrary to law because the Handbook provisions informing employees that they are "free to make a personal contribution to any political candidates or committees," that Covanta "ha[s] established a federal political action

committee," and that "[c]ontributions to the PAC by eligible employees are voluntary,"[5] necessarily "inform[] persons of [the PAC's] right to accept such contributions" (in the words of the E&J) and, hence, constitute a solicitation.[6]  See Pl.'s Supp'l Mem. at 4-6.  Local 369 points out that the first quoted sentence -- "[i]n general, employees are free to make a contribution to any political . . . committees" -- informs the reader that they may contribute to any political committee, including the Covanta federal PAC.  See id. at 5; see also 2 U.S.C. § 431(4) (defining the term "political committee" to include, inter alia, a "separate segregated fund" as well as a "local committee of a political party" and any other "committee, club, association or other group of persons" receiving contributions over certain thresholds).  Local 369 argues that the Handbook reiterates this a few sentences later by stating that "contributions to the PAC by eligible employees are voluntary."  The FEC Order neither addressed the E&J nor explained how the "encourage" or "facilitate" standard for solicitation relates to the E&J.

The FEC confirmed at the motions hearing that the E&J, issued in 1977, is an interpretive

---

[5]  Under § 114.5(j) as interpreted by its E&J, any employee, including employees outside of the restricted class are eligible to contribute, as long as they are not solicited.

[6]  The complaint refers to other passages as evidence of "solicitation," but as the litigation has evolved, it has become clear that these quoted passages are the primary language at issue. The other passages cited by plaintiff as evidence of a "solicitation" include the sentence referring employee inquiries to the General Counsel, the statement that Covanta "will only make political contributions if it is in our best interest," and the assurance that contributions (or lack thereof) will "result[] in no favor, disfavor, or reprisal."  Compl. ¶¶ 33, 35.  The Court's preliminary assessment is that the FEC reasonably determined that none of these other statements amount to solicitations of contributions to the PAC.  But the FEC's counsel explained at the motions hearing that any consideration of the E&J will require the FEC to consider the fuller "context" of the Handbook provisions; hence, given the Court's resolution, the FEC may give further consideration to those passages on remand.

guidance document that remains in effect today.[7]  But the FEC argues that the E&J has no

applicability to the language at issue and, hence, no explanation was required.  See Def.'s Supp'l

Mem. at 1-5.  The FEC relies on a semantic argument over the Handbook's phrase,

"Contributions to the PAC by eligible employees are voluntary."  In the FEC's view, there is a

meaningful distinction between the right of an employee to voluntarily contribute to a federal

PAC -- the words used in the Handbook language -- and the PAC's "right . . . to accept" that

contribution -- the words used in the E&J.  Because the Handbook language "does not inform

anyone of the [PAC's] right to accept unsolicited contributions," so the argument goes, "the E&J

. . . is inapposite and has no bearing" on this case.  See Def.'s Supp'l Mem. at 3.  But no advisory

opinion cited by the FEC offers any rationale for drawing such a distinction, and the Court can

discern none.

The FEC's litigation spin on the E&J is artificial and unreasonably narrow.  The necessary

corollary to the statement that "[c]ontributions to the PAC by eligible employees are voluntary" is

that the PAC can "accept" such contributions as stated in the E&J.  Employee contributions to the

PAC and PAC acceptance of those contributions are two sides of the same coin.  As plaintiff

aptly puts it, "by telling all of its employees that they are free to give to Covanta's federal PAC,

Covanta is necessarily and implicitly informing them that the PAC is correspondingly free to

accept their contributions: the employees cannot give unless the Covanta PAC can take."  Pl.'s

Supp'l Mem. at 5.

The FEC nonetheless contends that its past advisory opinions, in particular Advisory

Opinion 1983-38, demonstrate that it construes "solicitation" as excluding communications that

---

[7]  Agency interpretations of their own regulations are "controlling unless plainly erroneous or inconsistent with the regulation."  Auer v. Robbins, 519 U.S. 452, 461 (1997) (internal quotation marks and citations omitted).

"merely convey information that might engender inquiry." FEC Order at 4-5 (citing Advisory Opinion 1983-38); see also Def.'s Supp'l Mem. at 4-5. Advisory Opinion 1983-38 concluded that a proposed announcement "indicat[ing] some of the legal requirements that apply to solicitations . . . [such as] the voluntary nature and political purpose of the fund" would not be a solicitation. Advisory Opinion 1983-38 at 3 (Dec. 16, 1983).[8] But that advisory opinion does not even come close to filling the void created by the Order's wholesale failure to address the E&J. Instead, it only highlights the question plaintiff raises here: how can an announcement concerning voluntary employee contributions to the PAC be reconciled with the E&J? Neither the FEC Order nor the advisory opinions cited therein provide an answer.

That void means that the Court cannot sustain the FEC Order on the present record, for "if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Safe Extensions, Inc. v. FAA, 509 F.3d 593, 599 (D.C. Cir. 2007); Tourus Records, Inc. v. DEA, 259 F.3d 731, 737 (D.C. Cir. 2001) (same). Here, neither the FEC Order nor the precedent it cites enable the Court to discern the FEC's rationale in determining that the Covanta Handbook did not "[i]nform[] persons of the right to accept . . . contributions," H.R. Doc. No. 95-44, 109 (Jan. 12, 1977), and thus that it was not a solicitation as interpreted by the E&J.

At the motions hearing, the FEC proffered an additional rationale for rejecting Local 369's challenge to the FEC Order, notwithstanding its failure to consider the E&J. The FEC

_____

[8] In Advisory Opinion 1983-38, the company seeking review adopted a voluntary policy of not accepting contributions to its federal PAC from employees outside the solicitable class. Advisory Opinion 1983-38 at 2. That apparently factored into the FEC's resolution of the "solicitation" issue raised there. Covanta, however, has not adopted such a policy.

stated that the "context" of the Handbook language is crucial in determining whether it is a solicitation.  The FEC argued that the language's placement -- on a single page in a 26-page employee handbook addressing employer and employee rights and responsibilities -- indicates that it is merely an attempt to educate employees about Covanta's legal responsibilities, and that there is no indication that the language is an attempt to implicitly seek contributions.  While it is possible that this rationale may be reconciled with the E&J, the rationale is not set forth in the FEC Order or any advisory opinion it cites, and "courts may not accept appellate counsel's post hoc rationalizations for agency [orders]."  Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 212 (1988) (alteration in original and citation omitted).  Indeed, FEC counsel suggested that if the sentence at issue appeared in a different context, where there were other indicia of a veiled attempt to seek contributions from employees, the FEC might have resolved the case differently.  Yet the Court does not have before it the FEC's considered judgment as to how different contexts might yield different outcomes consistent with the E&J.  Therefore, the Court will not consider the FEC's post hoc "context" explanation.

Finally, the FEC argues that the Court should consider the purpose of FECA and the Commission's regulations -- ensuring that contributions are made voluntarily -- in determining whether the E&J applies here.  See Def.'s Supp'l Mem. at 6.  The FEC contends that this purpose would be undermined by a determination that a company policy underscoring the voluntary nature of contributions could give rise to a solicitation.  But by the FEC counsel's own account, informing employees that they may make voluntary contributions may give rise to a "solicitation" if the "context" of the statement indicates it is an intent to obtain contributions from employees.[9]

---

[9] For example, a company that repeatedly reminded employees that they may make "voluntary contributions" to its PAC could readily be perceived as soliciting contributions.

Thus, the suggestion that the FEC's Order should be upheld simply because the language at issue emphasizes the voluntary nature of contributions is belied by the FEC's earlier argument that context matters.  More significantly, neither the FEC Order nor any advisory opinion it cites explain how the purpose of FECA or FEC regulations factor into the application of the E&J here.

## II.  Remedy

The reviewing court "'must judge the propriety of [agency] action solely by the grounds invoked by the agency,'" and may not consider counsel's post hoc explanations.  See Clark County, Nev. v. FAA, 522 F.3d 437, 443 n.1 (D.C. Cir. 2008) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)) (alteration in original).  The Court is thus precluded from considering counsel's assertion that, if the FEC considered the E&J, it would still not find a "solicitation" because of the context of the Handbook statements at issue.  Instead, a remand for further explanation is the appropriate remedy in this situation.  See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("[I]f the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course . . . is to remand to the agency for additional . . . explanation."); Tourus Records, 259 F.3d at 737 (same).

Instead of remanding this case to the FEC for further consideration, Local 369 prefers that the Court vacate the Order and direct the FEC to conclude that the Covanta Handbook contained a solicitation.  However, even if the Court concluded that the FEC made an error of law, the FEC, not the Court, would need to apply the corrected legal standard to the facts.  See Nebraska Dept. of Health and Human Servs. v. Dept. of Health and Human Servs., 435 F.3d 326, 331 (D.C. Cir. 2001).  And in the present case the Court is not prepared to conclude that the FEC did make an error of law.  When "judges are unsure as to the answer because they are not confident that they have discerned the agency's full rationale," remand is appropriate.  Checkosky v. SEC,

23 F.3d 452, 462 (D.C. Cir. 1994).  On remand, the FEC may be able to supply a reasoned

analysis for its dismissal of Local 369's complaint in a manner consistent with the E&J.[10]

The Court does not mean to suggest that the FEC's task on remand will necessarily be

easy.  While the FEC can further refine its interpretation of § 114.5(j), the agency may face

procedural hurdles to the extent it wishes to make substantial revisions to the interpretive

guidance embodied in the E&J.  See 2 U.S.C. § 438(d) (setting forth statutory requirements for

proposed regulations, including submission to Congress of a "detailed explanation and

justification" in support of the proposed rule); see also Environmental Integrity Project v. EPA,

425 F.3d 992, 997 (D.C. Cir. 2005) (observing that, in the Administrative Procedure Act context,

"'[o]nce an agency gives its regulation an interpretation, it can only change that interpretation as

it would formally modify the regulation itself: through the process of notice and comment

rulemaking.'").  But all this is for the FEC to sort out in the first instance.

---

[10]  Local 369's judicial complaint also alleged flaws in the FEC decision that are unrelated
to the Handbook language at issue.  The Court has concluded that plaintiff's claims in those
respects lack merit, and the FEC need not reconsider those claims on remand.  Thus, plaintiff's
claim that it is entitled to relief from the FEC because Covanta solicited contributions from its
employees to its state PAC, see Compl. ¶ 26, 34, warrants no further consideration.  The FEC
reasonably concluded that Covanta did not violate FECA based on the allegations concerning
that state PAC solicitation.  See FEC Order at 3; see also Def.'s Mem. at 6 (observing that Local
369 "fails to identify, let alone explain, the supposed link between" the state PAC solicitation and
the Handbook language).

Local 369 also suggests that the FEC improperly relied on its own past advisory opinions
when it cited them in its Order.  See Compl. ¶ 41.  Local 369 argues that the FEC may only rely
on past advisory opinions if they are "indistinguishable" from the current case, and cites 2 U.S.C.
§ 437f(c)(1), which states: "Any advisory opinion rendered by the Commission . . . may be relied
upon by . . . any person involved in any specific transaction or activity which is indistinguishable
in all its material aspects from the transaction or activity with respect to which such advisory
opinion is rendered."  Local 369 misinterprets § 437f(c)(1).  The section specifies when third
parties, not the FEC, may rely on past advisory opinions as a shield to liability, id. § 437f(c)(2),
and, because advisory opinions are due Chevron deference, see FEC v. Nat'l Rifle Assoc., 254
F.3d 173, 186 (D.C. Cir. 2001), it is perfectly appropriate for the FEC to cite and rely on them in
its adjudications.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court will deny the FEC's motion to dismiss and deny Local 369's motion for summary judgment. The Court will also deny Local 369's conditional motion for leave to amend the complaint. The Court will grant Local 369's motion for remand of this matter to the FEC, and the case will be remanded to the FEC for further consideration consistent with this opinion. A separate order accompanies this opinion.

_____/s/_____

JOHN D. BATES
United States District Judge

Dated:  March 8, 2010